UNITED STATES of America, Plaintiff,

v.

Reginald CARRELL, Defendant.

Crim. No. 321–62.

United States District Court
District of Columbia.

June 12, 1964.

**725**

Reginald Carrell, pro se.

Joseph A. Lowther, Asst. U. S. Atty. for District of Columbia, for the United States.

HOLTZOFF, District Judge.

Pursuant to remand by the Court of Appeals, this Court has held a hearing on the defendant's motion "for an extension of time to file application for notice of appeal *in forma pauperis* (sic.)"

The present defendant, Reginald Carrell, was indicted together with Joseph J. Brooks, William Franklin and Norman G. Price, on charges of rape. The crime was peculiarly brutal and atrocious. The evidence introduced by the Government established the following facts, which the jury found by its verdict. The victim was a respectable young colored woman, who was seated with her fiance in the front seat of an automobile parked in a somewhat secluded spot. The young man was in the driver's seat, while she was in the passenger's seat. The four defendants came along, forced both front doors open, beat and dragged out the young man, and then beat and dragged out the young woman. The young man was knocked down to the ground and was kept in that position with the defendant Brooks standing guard over him. The victim of the rape was carried some distance away and was threatened with being cut if she made an outcry or resisted. Each of the other three defendants then forced her to have sexual intercourse with him, one of them raping her twice. After they accomplished their purpose, they released her and the young man. He walked over to where the young woman was lying and found her in a semiconscious condition. He carried her back to their car. Each of the defendants was found guilty and was sentenced to imprisonment.

At the trial each of the defendants was represented by separate counsel. Mr. William Bryant, an able, experienced and highly conscientious member of this bar, was retained by Carrell. He energetically defended his client with well-directed zeal within the proper ethical limits of advocacy in the best traditions of the bar.

▮ No appeal was taken by Carrell. The other three defendants appealed. The Court of Appeals affirmed the convictions of Price and Brooks, but reversed the conviction of Franklin, Franklin v. United States, D.C.Cir., 330 F.2d 205. A petition for rehearing *en banc* was denied on March 12, 1964, (opinion not yet reported). The reversal as to Franklin was based on the ground that the trial court had declined to instruct the jury specifically that corroboration of the victim's identification of the defendant was required in order to justify a conviction. The Court did instruct the jury that corroboration of the victim's testimony generally was necessary.[1]

---

1. Prior to the decision of the Court of Appeals in the instant case, it was the law in the District of Columbia that in a rape case, the victim's testimony must be corroborated by proof of circumstances which tended to support her story, Ewing

Carrell was sentenced on January 10, 1963. More than thirteen months later, on February 14, 1964, he presented a motion to this Court for leave to file a notice of appeal after the expiration of the time fixed therefor. He claimed that within the ten-day period following his sentence he had instructed his counsel to note an appeal, that his counsel had neglected to do so, and that he, Carrell, did not know of this failure. This Court denied the motion on the authority of United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, which held that the ten-day period for filing a notice of appeal fixed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, could not be extended, nor could a later filing of the notice of appeal be permitted even in case of excusable neglect.

The Robinson case originated in this Circuit. It was a criminal case in which the notice of appeal was filed eleven days too late, and the Government moved to dismiss the appeal on that ground. Counsel for appellant asserted that he was not aware of the ten-day limitation, and mistakenly assumed that the period to appeal was thirty days, as in civil cases. The Court of Appeals for the District of Columbia Circuit in Robinson v. United States, 104 U.S.App.D.C. 200, 260 F.2d 718, held by a vote of 2 to 1, that while the Court could not enlarge the time to file a notice of appeal, nevertheless, if the appellant had failed to act within the allowed time as a result of excusable neglect, the court might on motion permit a later filing of a notice of appeal. Accordingly the case was remanded to the District Court to determine whether the failure was due to excusable neglect. Judge Miller dissented. A petition of the Government for certiorari was granted by the Supreme Court.

The Supreme Court by a vote of 7 to 2, reversed the order of the Court of Appeals and held that the court may neither enlarge the time to file a notice of appeal in a criminal case, nor permit a later filing even on the ground of excusable neglect. Mr. Justice Black and Mr. Justice Douglas dissented. The conclusion seems to follow inescapably from this decision of the Supreme Court that there is no way of permitting a defendant in a criminal case to appeal if a notice of appeal was not filed within the ten-day period after sentence.

In the case at bar Carrell attempted to appeal to the Court of Appeals from the denial by this Court of leave to take an appeal after the expiration of the ten-day period—, specifically 13 months after sentence. The Court of Appeals on June 4, 1964, remanded the case to this Court for the purpose of holding a hearing, making findings of fact and conclusions of law, and entering a new final order. Accordingly, such a hearing was held by this Court on June 8, 1964.

The defendant Carrell, his trial counsel, Mr. William Bryant and Mr. Bryant's associate, Mr. Theodore Newman, Jr., testified orally at the hearing. Carrell stated that after the verdict was rendered he told Mr. Newman that he wanted to appeal and that after sentence was imposed, he reiterated the same instruction to Mr. Bryant. On cross-examination by the Assistant United States Attorney, some of the answers given by the defendant on direct examination seemed somewhat confused and uncertain.

Mr. Bryant testified as follows. He was not in court when the jury rendered its verdict, but between the date of the verdict and the imposition of sentence, he discussed the advisability of an appeal with Carrell's mother, and told her that

v. United States, 77 U.S.App.D.C. 14, 17, 135 F.2d 633, Walker v. United States, 96 U.S.App.D.C. 148, 223 F.2d 613, 152. (The quotation from the Walker case contained in the opinion in the case at bar on the petition for rehearing is taken from the *dissenting* opinion and not from the majority opinion.) By its opin-

ion in the instant case, the Court of Appeals, as it had a right to do, changed the law, so that hereafter corroboration of the prosecutrix's testimony generally will not be sufficient, but there must be specific corroboration of her identification of the perpetrator of the rape.

nothing would be gained by an appeal, and on the day of sentence he repeated the same thing to the defendant in the cellblock. Subsequently he saw Carrell at the jail and the latter discussed the question whether the place of incarceration could be changed. He did not tell the defendant that an appeal had been taken or would be taken. The defendant asked, "We can appeal, can we not?", and Bryant replied "Yes", but added that this was not the thing to do. The defendant never directed him to institute an appeal.

Mr. Bryant's assistant, Mr. Theodore Newman, Jr., testified as follows. The defendant had asked him whether there was a right to appeal, and he, Newman, replied in the affirmative. When the jury returned its verdict, the defendant enquired concerning the possibility of an appeal. Several days later the defendant's mother came into the office and the possibility of an appeal was discussed in detail. The mother was informed that there was no basis for an appeal, and that if she or her son wished they could consult other counsel, but that Mr. Bryant and he, Mr. Newman, would not take an appeal. Some time later he visited Carrell at the Reformatory at Lorton, and there was a conference in which the defendant expressed a desire to be transferred to a different place of confinement. Neither the defendant nor his mother ever directed or requested that an appeal be taken.

■ The Court, having heard the oral testimony and observed the witnesses, believes Mr. Bryant and his associate, Mr. Newman. The Court makes the ultimate finding of fact that neither the defendant nor his mother ever directed Mr. Bryant or his associate to take an appeal and, consequently, there was no neglect, excusable or otherwise, in not taking it.

The foregoing findings of fact render academic the question whether there is any remedy whatsoever in a case of a failure to file a notice of appeal in time, even if the failure be due to excusable neglect or specifically if the defendant instructed his counsel within the prescribed time to file a notice of appeal, but the latter fails to do so. It would seem that the opinion of the Supreme Court in the Robinson case is so unequivocal and far-reaching as to require a negative answer. The *per curiam* opinion of the Court of Appeals in the instant case cites without discussion a decision of the Seventh Circuit and another of the Ninth Circuit.

In the Seventh Circuit case, Calland v. United States, 7 Cir., 323 F.2d 405, the Court, by a vote of 2 to 1, held that in such an instance there was a remedy, without specifically indicating what it was. It stated that a Federal court has inherent power to investigate whether a judgment was obtained by fraud. It should be noted, however, that there is no contention here that there was any irregularity in the manner in which the judgment was obtained.

The Ninth Circuit case, Dodd v. United States, 9 Cir., 321 F.2d 240, indicated that there should be a remedy in such a situation provided it appeared that the defendant was prejudiced by failure to note an appeal, in that there was reversible error which probably would have led to a reversal of the conviction. Again there is no indication of a specific remedy. There appears to be no opinion in this Circuit discussing this question.[2] The two opinions just discussed seem to deal with situations akin to fraud and

2. In Paulding v. United States, 335 F.2d 686, the Court of Appeals for this Circuit made an order authorizing the District Court to entertain a motion to vacate the sentence and impose a new one so as to permit a timely appeal from the conviction. So far as is known no opinion was rendered by the Court of Appeals and, consequently, the precise facts do not appear, nor does it appear whether the point was argued by counsel and deliberately considered by the Court. Such an order is obviously *res judicata* as to the particular case, but there being no opinion, it can hardly be considered as formulating the law for the Circuit as *stare decisis*.

use that term, as where a lawyer receives a fee for the purpose of taking an appeal and then fails to preserve his client's rights.

■■ It would seem that a motion under 28 U.S.C. § 2255 would.not lie because such a motion may be maintained only if the judgment of conviction is itself subject to collateral attack. It may not be invoked for matters occurring subsequently to the judgment. Moreover, it may be argued that to vacate a sentence and re-impose it so as to give the judgment a new date, might be construed by the Supreme Court as an avoidance of its solemn decision. It is superfluous to state that manifestly in case of an inconsistency between a decision of the Supreme Court and an opinion of a Court of Appeals, it is incumbent on the District Court to follow the ruling of the Supreme Court.

The Supreme Court if it feels that a remedy is needed has power to accord one by an appropriate amendment, under its rule-making power, to Rule 37(a) (2) or Rule 45(b) of the Federal Rules of Criminal Procedure, or both. This Court is not intimating that such an amendment is desirable. It might open up a Pandora's box.

The defendant's motion is denied.