Henry E. OUTLAW, Jr., Petitioner-Appellant,

v.

L. M. CONNETT, Warden, Federal Correctional Institution, et al., Respondents-Appellees.

No. 71-2862

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1972.

Rehearing Denied Feb. 28, 1972.

Henry E. Outlaw, pro se.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., for respondents-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Henry E. Outlaw, Jr., a prisoner in the Federal Correctional Institution in

---

* ▮ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Texarkana, Texas, filed an action essentially in the nature of mandamus[1] in the District Court for the Northern District of Texas. Outlaw seeks credit for 117 days which he alleges he spent in custody as a consequence of a federal detainer warrant prior to the time he commenced to serve his present sentence. The district court treated Outlaw's petition as an application for the writ of habeas corpus and denied relief for lack of jurisdiction. We find that the court properly denied relief but for the reason that the venue was improper and not for want of jurisdiction.

Both Outlaw and the named respondent, L. M. Connett, Warden of the Federal Correctional Facility in Texarkana, Texas, reside in the Eastern District of Texas. The district court has jurisdiction of Outlaw's action under 28 U.S.C. § 1361. However under the provisions of the venue statute, 28 U.S. C. § 1391(e)[2] this action can not be maintained in the Northern District of Texas where neither of the parties resides nor the cause of action arose. Outlaw sought to invoke Rule 21, F.R. Crim.P. which provides that federal criminal proceedings may be transferred to another district in certain instances. This rule has no application to Outlaw's present suit which is a civil and not a criminal proceeding.

We find no error in the district court's denial of relief without prejudice to Outlaw's right to seek relief in the proper venue in the Eastern District of Texas.[3] See 28 U.S.C. § 1391(e).

Affirmed.

1. The petition was prepared by the prisoner and is inartfully drafted. Our characterization of it is based upon the issue which the petitioner apparently sought to raise and the contentions asserted.

2. "A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any ju-

dicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action."

3. We do not pass upon the merits of Outlaw's claim. See Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970); Willis v. United States, 438 F.2d 923 (5th Cir. 1971).