Henry E. OUTLAW, Jr., Petitioner-Appellant,

v.

L. M. CONNETT, Warden, Federal Correctional Institute, Texarkana, Texas, et al., Respondents-Appellees.

No. 72-1334

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 12, 1972.

Henry E. Outlaw, Jr., pro se.

Roby Hadden, U. S. Atty., Tyler, Tex., Charles E. Myers, Asst. U. S. Atty., Beaumont, Tex., for respondents-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Henry E. Outlaw, Jr., filed a pro se petition in the nature of mandamus in the District Court seeking credit on his federal prison sentence for time spent in state custody because a federal detainer allegedly prevented him from being released on bail on state charges pending against him. The District Court denied relief on the grounds that the claim should have been presented to the sentencing court in a motion to vacate pursuant to 28 U.S.C. § 2255.[1] This ruling was erroneous because the relief sought can be obtained either by a Section 2255 motion filed in the sentencing court, e. g., United States v. Morgan, 5 Cir., 1970, 425 F.2d 1388, or by petition for a writ of mandamus filed in United States District Court in the district of confinement, e. g., Ballard v. Blackwell, 5 Cir., 1971, 449 F.2d 868; Davis v. Attorney General, 5 Cir., 1970, 425 F.2d 238.

Accordingly, the District Court's judgment dismissing the complaint is vacated and the cause is remanded to the District Court for further proceedings, including an evidentiary hearing if necessary, followed by entry of appropriate

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. This case was previously before us as No. 71-2862, Outlaw v. Connett, 5 Cir., 1972, 454 F.2d 719. At that time we affirmed the District Court's dismissal of the petition for lack of proper venue "without prejudice to Outlaw's right to seek relief in the proper venue in the Eastern District of Texas." Id. at 720. Outlaw has now filed the suit in the proper venue.

findings of fact and conclusions of law on the issues presented by Outlaw's petition.

Finally, the record shows that Outlaw failed to properly serve the United States with a copy of summons and of the complaint in this matter. The United States Attorney represents that he had no knowledge of the proceedings until February 28, 1972, after this appeal had been docketed in this Court, even though judgment had been rendered in favor of the United States. On remand, the District Court should afford appellant a reasonable period of time to effect proper service on the United States in accordance with Rule 4(d)(4), Federal Rules of Civil Procedure.

Vacated and remanded.