**Frank FILION, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 73 Civ. 4690.**

United States District Court,
S. D. New York.

Feb. 7, 1974.

Frank Filion, petitioner pro se.

Paul J. Curran, U. S. Atty., S. D. of New York, New York City by Thomas M. Fortuin, Asst. U. S. Atty., for United States, respondent.

METZNER, District Judge:

This is a petition for habeas corpus in which it is alleged that in denying petitioner parole, the United States Board of Parole also violated his rights to due process and equal protection of the laws.

Petitioner, presently incarcerated at the Federal Correctional Institution at Danbury, Connecticut, was sentenced to a term of imprisonment of two years by this court on September 6, 1972, following a plea of guilty to 25 counts of possession of stolen mail. He began serving his sentence on that day. On May 10, 1973, the Board of Parole denied petitioner parole and it is this order, as well as its subsequent affirmance, which petitioner attacks.

The United States Attorney's Office for the Southern District of New York has filed an affidavit in opposition to this petition claiming that this court is without jurisdiction to entertain it.

The general rule is that the jurisdiction of district courts to issue writs of habeas corpus "is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court . . . . " Ahrens v. Clark, 335 U.S. 188, 192, 68 S.Ct. 1443, 1445, 92 L.Ed. 1898 (1948). There are exceptions to this rule. A state prisoner may file his application in the district court for the district "within which the State court was held which convicted and sentenced him . . . . " 28 U.S. C. § 2241(d).

Recently, the Supreme Court modified its *Ahrens* decision in holding that a petitioner imprisoned in Alabama could apply for a writ of habeas corpus in the District Court for the Western District of Kentucky where he was seeking to compel Kentucky to grant him an immediate trial on an indictment pending in that state. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Petitioner is not attacking the sentence imposed by this court. None of the exceptions to the *Ahrens* rule applies

to the instant case. Neither the place of incarceration nor the respondent is located in this district. The application should have been filed in Connecticut, the place of incarceration.

Under these circumstances, the petition for a writ of habeas corpus must be dismissed.

So ordered.