John McCUNE, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 74 Civ. 806 (JMC).

United States District Court, S. D. New York.

April 16, 1974.

John McCune, pro se.

John D. Gordon III, Asst. U.S. Atty., New York City (Paul J. Curran, U.S. Atty., S.D.N.Y., of counsel), for respondent.

## MEMORANDUM

CANNELLA, District Judge.

Petitioner's application, for, in the alternative, a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 et seq., or, a writ of mandamus, pursuant to 28 U.S. C. § 1361, is dismissed without prejudice to renewal in an appropriate court.

Petitioner is presently confined in the Federal Correctional Institute at Marion, Illinois, for a term of two (2) years, pursuant to the sentence of this court (July 19, 1973), following his conviction, upon a plea of guilty, for possession of the proceeds of a bank larceny, 18 U.S.C. § 2113(c) and 2. By means of the instant proceeding, petitioner seeks to compel respondent to credit his present federal sentence with 146 days spent in state custody owing to the lodging of a federal detainer against him.

■ That aspect of the instant application which seeks that a writ of habeas corpus issue is dismissed because the absence of the petitioner and his warden from this district leaves this court without jurisdiction to entertain the present application or issue the sought after writ. This is the doctrine of Ahrens v. Clark, 335 U.S. 188, 192, 68 S.Ct. 1443, 1445, 92 L.Ed. 1898 (1948), wherein the Supreme Court stated that the jurisdiction of the district courts to issue writs of habeas corpus "is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court. . . . " *See also,* Accurso v. United States, 73 Civ. 4788 (S.D.N.Y. January 3, 1974) (Cannella, J.); Rivera v. United States, 73 Civ. 4381 (S.D.N.Y. January 10, 1974) (Tyler, J.); Filion v. United States, 375 F.Supp. 721 (S.D.N.Y. 1974) (Metzner, J.); Halprin v. United States, 293 F.Supp. 1186 (S.D.N.Y. 1968); Note, Developments in the Law-Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1160–1165 (1970). Although the recent Supreme Court decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), has made substantial inroads into the *Ahrens* decision,[1]

---

1. In Braden, the Supreme Court held that a prisoner confined in Alabama could seek federal habeas corpus in Kentucky to compel Kentucky to grant him a speedy trial on an indictment for which Kentucky had lodged a detainer with Alabama. Despite the broad language utilized by Justice Brennan in *Braden,* the court seized upon two factors that justified a departure from the strict jurisdictional limitation provided in the *Ahrens*

the *Braden* case involves exceptional circumstances of a nature not presented by the facts of the instant application. *See, e. g.,* Accurso v. United States, *supra*; Rivera v. United States, *supra*; Filion v. United States, *supra.* Accordingly, while petitioner unquestionably has the right to seek credit for jail time spent in state custody, (at an appropriate time, *see* discussion *infra*), he must pursue any remedy in the nature of habeas corpus he has therefor in the district of his confinement.

 That aspect of the instant application which seeks that a writ of mandamus issue, pursuant to 28 U.S.C. § 1361, is similarly dismissed.[2] Petitioner's failure to name a proper government officer or employee as respondent compels such result; one cannot mandamus the United States *per se.* Hospoder v. United States, 209 F.2d 427, 429 (3 Cir. 1953). Additionally, the action must be dismissed for want of proper venue. Assuming arguendo that a proper party respondent had been named herein, thereby giving this court jurisdiction under Section 1361, the action would remain defective under the controlling venue statute, 28 U.S.C. § 1391 (e):

> A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, accept as otherwise provided by law, be brought in any judicial district in which: (1)' a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

Proceedings to mandamus prison and justice department officials must be commenced in one of the districts specified in Section 1391(e) and petitioner, a resident of the Eastern District of New York prior to his incarceration, has entirely failed to demonstrate the propriety of his laying venue for the instant application in this district. (No other facts here relevant to the question of venue indicate a contrary result.) *See,* Outlaw v. Connett, 454 F.2d 719, 720 (5 Cir. 1972); Ott v. United States Board of Parole, 324 F.Supp. 1034, 1037 (W.D. Mo.1971); 1 J. Moore, Federal Practice ¶ 0.142[7] at 140 et seq. (Supp.1973); *Cf.,* Candarini v. Attorney General, 369 F.Supp. 1133, 1135 (E.D.N.Y.1974).

 The instant petition is also dismissed for petitioner's failure to exhaust all administrative remedies available to him. Section 3568 of Title 18 of the United States Code provides the statutory basis upon which petitioner may become entitled to the jail time credits here sought and it has been held that one seeking such relief must exhaust the administrative remedies available to him under that section, prior to petitioning for judicial intervention. This exhaustion requirement was well stated by the Court of Appeals for the Third Circuit in a recent decision, Soyka v. Alldredge, 481 F.2d 303, 306 (3 Cir. 1973):

> . . . 18 U.S.C. § 3568 requires the Attorney General to give credit administratively for pre-sentence jail time served in connection with the of-

case. First, the Court pointed out that petitioner's dispute was with the State of Kentucky. Under those circumstances it would serve no useful purpose to apply the *Ahrens* rule and force Kentucky to defend the action in Alabama which would preclude resolution of the dispute by a federal judge familiar with Kentucky law. 410 U.S. at 499, 93 S. Ct. 1123. Second, the Court in *Braden* pointed out that all records and witnesses pertinent to petitioner's claim were likely to be found in Kentucky. The cost and risk of transporting the petitioner to Kentucky were outweighed by the difficulties of transporting records and witnesses to the district where petitioner was confined. In the instant case, neither one of these exceptional circumstances is presented and absent such a showing the court must not deviate from the *Ahrens* rule.

2. Although petitioner has brought this aspect of his application under 28 U.S.C. § 1651(a), the "All Writs Act", the relief here sought is properly cognizable under § 1361.

fense for which sentence was imposed. Before [petitioner] is entitled to relief by way of habeas corpus [or mandamus], it must first appear that the Attorney General or the Director of the Bureau of Prisons has refused to afford him credit to which he is legally entitled . . . there are no circumstances present which suggest that the Attorney General will fail to perform his duty and grant credit where it is warranted. [Petitioner] should therefore exhaust the administrative means at his disposal before judicial review will be appropriate. For example, "[u]nder the regulations promulgated by the Bureau of Prisons, there is available to all prisoners, the right of the 'Prisoner's Mail Box.' This procedure sets up an effective means of review of actions of local prison authorities . . . Since the authority to review the computation of sentences is vested in the Central Office of the Bureau of Prisons, the appropriate remedy available to Soyka is to utilize the Prisoner's Mail Box to request from it a proper administrative determination of credit. [citations omitted]

*See also,* Ray v. United States, 334 F. Supp. 901, 903 (N.D.Ga.1971). On the instant application, petitioner has failed to demonstrate his having invoked or exhausted any of the appropriate administrative remedies available to him, and, therefore, this proceeding is dismissed as premature.

 Finally, it should be noted that petitioner's instant application does not, in the alternative, qualify as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 over which this court would properly have jurisdiction (the petitioner having been sentenced by the court). It is well settled that a motion to vacate sentence is available only to collaterally attack the validity or imposition of a sentence and that an attack upon the execution of sentence may only be made by means of habeas corpus or mandamus in the district of confinement. Clearly, the instant application falls without the scope of Section 2255, as has been stated, "a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself so as to be cognizable . . . under 28 U.S.C. § 2255." Soyka v. Alldredge, *supra,* 481 F.2d at 305. Accordingly, this court is without jurisdiction under Section 2255 to review the questions presented. *See,* Soyka v. Alldredge, *supra;* Halprin v. United States, *supra;* Accurso v. United States, *supra;* Rivera v. United States, *supra;* Cf., Davis v. Attorney General, 425 F.2d 238 (5 Cir. 1970) ; Ray v. United States, *supra.*

Petition dismissed without prejudice to renewal in an appropriate court.

So ordered.