Ronnie Lamont **WILLIAMS**, 37593–133

v.

**UNITED STATES of America.**

Civ. A. No. 75–1735.

United States District Court, E. D. Pennsylvania, Civil Division.

Feb. 12, 1976.

---

Ronnie Lamont Williams pro se.

Robert S. Forster, Jr., Asst. U. S. Atty., Robert E. J. Curran, U. S. Atty., E. D. Pa., Philadelphia, Pa., for respondent.

## OPINION

DITTER, District Judge.

The question presented in this case is whether the petitioner's claim that his parole was revoked in violation of procedural due process requirements is cognizable under 28 U.S.C. § 2255 in this court where his original sentence was imposed. I conclude it is not and that petitioner must seek relief by way of habeas corpus in the district where he is confined.

On May 3, 1971, petitioner was committed to imprisonment for a term of five years following his plea of guilty to violating the Dyer Act, 18 U.S.C. § 2313. If petitioner's *pro se* complaint is liberally construed, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), it alleges that on September 17, 1973, he was released on parole but later charged with failing to supply reports to his parole officer. Petitioner asserts that he was apprehended on December 16, 1974, and held in custody at various detention facilities. His parole was revoked [1] and on March 27, 1975, petitioner was returned to the Federal Penitentiary at Lewisburg, Pennsylvania. He maintains that during the entire period from the date of his apprehension up to and including the present time he has not had a proper parole revocation hearing,[2] received advice of his right to a hearing, or ever knowingly and intelligently waived his right to such a hearing. Petitioner claims that the failure to afford him a proper revocation hearing is a violation of the procedural due process requirements of *Morrissey v. Brewer*, 408

---

1. The motion does not state the date on which petitioner's parole was revoked. However in a letter to this court dated January 27, 1975, which was prior to the filing of the instant motion, petitioner stated that his parole had been revoked on that same day, January 27, 1975.

2. It is not entirely clear from petitioner's inartfully drawn motion whether he claims that no revocation hearing was held or only that the hearing which was afforded did not comport with due process requirements.

U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and also violates the Parole Board's own regulations as set forth in 28 C.F.R. §§ 2.54, 2.55.

If petitioner's allegations are true there can be little doubt that he has been denied due process of law. And since at this stage in the proceedings his allegations must be accepted as factual, it is equally clear that if the petitioner is in the correct forum a hearing on the merits will be required. Thus, the only question at this point is whether petitioner may seek relief by way of the instant Section 2255 petition or whether the proper remedy lies in a habeas corpus petition filed in the district of his incarceration.

There are four grounds upon which a federal prisoner may invoke the provisions of Section 2255 to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417, 419–420 (1962). Although the language of the statute makes it difficult to determine with precision what types of post-conviction claims fall within its purview, it is clear that Section 2255 does not grant subject matter jurisdiction over all types of post-conviction claims. *Lee v. United States*, 501 F.2d 494, 500 (8th Cir. 1974). This conclusion is implicit from the last paragraph of the statute, which provides that a federal court shall not entertain a habeas corpus petition in behalf of a prisoner entitled to seek relief by way of motion under Section 2255 *"unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."* 28 U.S.C. § 2255 (emphasis

added). Limiting principles may also be gleaned from an examination of the history and purpose of the statute.

Section 2255 was enacted in 1948 as a response to "the practical problems that had arisen in the administration of the federal courts' habeas corpus jurisdiction," *United States v. Hayman*, 342 U.S. 205, 210, 72 S.Ct. 263, 268, 96 L.Ed. 232, 237 (1952), because of the increasing number of applications for the writ that resulted from the expansion of its availability in 1867.[3] These problems and the Congressional response were summarized in *Hartwell v. United States*, 353 F.Supp. 354 (D.D.C.1972):

As the law of habeas corpus developed, the number of applications for the writ increased greatly. Many were found to be patently without merit when compared with the records of the sentencing court.

> "But, since a habeas corpus action must be brought in the district of confinement, those records [were] not readily available to the habeas corpus court. . . . These practical problems [were] greatly aggravated by the fact that the few District Courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions *far from the scene of the facts*, the homes of the witnesses and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district." (Emphasis added). *United States v. Hayman*, 342 U.S. 205 at 213–214, 72 S.Ct. 263, 269, 96 L.Ed. 232 (1952).

In an effort to alleviate some of the congestion and distribute the caseload more evenly among the districts, a "jurisdictional" bill was enacted which "established a procedure whereby a federal prisoner might collaterally attack his *conviction* in the sentencing court." (Emphasis added). *Id.* at 215, 72 S.Ct. at 270. That

---

**3.** Act of February 5, 1867, 14 Stat. 385, as amended 28 U.S.C. § 2241 et seq. See *United States v. Hayman*, supra; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Frank v. Mangum*, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915).

bill became the present day § 2555 and provides a remedy in the nature of the ancient writ of error *coram nobis* although broader in scope, the purpose being "to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement." *Id.* at 220–221, 72 S.Ct. at 273.

353 F.Supp. at 357–58 (emphasis in original).

■ Congress' purpose of distributing post-conviction cases more efficiently would not be accomplished by giving the sentencing court subject matter jurisdiction over all post-conviction claims, but rather by limiting subject matter jurisdiction to those claims which the sentencing court can handle more expeditiously than a court in the district of confinement, *i. e.,* those which require an examination of the sentencing court's own records or the testimony of witnesses likely to be found within its jurisdiction. In general such claims relate to the validity or legality of the judgment of conviction or the imposition of sentence.

The claims of the petitioner here clearly do not fall in this category. Rather, they relate to the manner of execution of the sentence—matters of which this court has neither records nor knowledge. The general rule is that such claims cannot be raised in a Section 2255 proceeding. See, e. g., *Lee v. United States,* supra; *United States ex rel. Marrero v. Warden,* 483 F.2d 656 (3d Cir. 1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383, reh. denied, 419 U.S. 1014, 95 S.Ct. 334, 42 L.Ed.2d 288 (1974); *Soyka v. Alldredge,* 481 F.2d 303 (3d Cir. 1973); *Robinson v. United States,* 474 F.2d 1085 (10th Cir. 1973); *Ridenour v. United States,* 446 F.2d 57 (9th Cir. 1971); *Ledesma v. United States,* 445 F.2d 1323 (5th Cir. 1971); *Mordecai v. United States,* 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969); *Stirone v. Markley,* 345 F.2d 473 (7th Cir.), cert. denied, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); *United*

*States v. Isaacs,* 392 F.Supp. 597 (N.D.Ill. 1975); *McCune v. United States,* 374 F.Supp. 946 (S.D.N.Y.1974); *Hartwell v. United States,* supra.

■ There is language in *United States v. Webster,* 161 U.S.App.D.C. 1, 492 F.2d 1048 (1974), which might be construed to hold that revocation procedures in general may be questioned in a Section 2255 proceeding. *Id.* at 1051 n. 1. However, *Webster* is plainly concerned only with probation revocation proceedings and not parole. While parole and probation violators are entitled to the same substantive rights, see *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the question is in which forum those rights should be considered. Probationers are subject to the supervision of the sentencing court; it is the sentencing court that normally determines whether or not to revoke their probation. Under those circumstances it makes sense to have the sentencing court, which has access to relevant records and witnesses, initially pass on the issues raised by the petition, and, if necessary, correct its own prior errors.

■ The situation here is entirely different. While on parole, petitioner was subject to supervision not by this court, but by the Board of Parole. It is the latter agency which had the power to revoke his parole. I had absolutely nothing to do with the decision to do so or with the determination of the procedures to be followed. All of the matters of which petitioner complains occurred subsequent to my imposition of sentence and in no way relate to or affect its validity. Moreover, this court has no records relative to the failure to provide petitioner with a proper parole revocation hearing.

For the reasons stated above, I conclude that the claims petitioner seeks to raise are not cognizable under Section 2255. Accordingly, the motion is denied without prejudice to petitioner's right to file a habeas

corpus petition in the Middle District of Pennsylvania, the district of his confinement.[4]

---

4.   After petitioner filed this action, he wrote two letters raising additional questions about the computation of his sentence. One of these letters was addressed to Chief Judge Lord, the other to me. Petitioner seeks credit for the time he was on parole and credit for the time spent in a county jail before being returned to Lewisburg, his place of confinement. These claims may be raised, if necessary after petitioner has exhausted his administrative remedies, by a habeas corpus petition in the district of confinement. See *Soyka v. Alldredge,* supra, and *Comulada v. Pickett,* 455 F.2d 230 (7th Cir. 1972). Accordingly, by an attached order the clerk is directed to docket these two letters. The claims raised therein are being dismissed without prejudice to petitioner's right to file a habeas corpus petition in the Middle District of Pennsylvania.