James THOMPSON, # 36769–115, Petitioner,

v.

WARDEN–EL RENO, OKLAHOMA BOARD OF PAROLE, Respondent.

No. CIV–76–0304–D.

United States District Court, W. D. Oklahoma.

April 15, 1976.

James Thompson, pro se.

David L. Russell, U. S. Atty., Oklahoma City, Okl., for respondent.

ORDER

DAUGHERTY, Chief Judge.

The court has examined the Motion pursuant to Section 2255 of Title 28, United States Code presented to the clerk of this court by the above-named petitioner together with the Motion for leave to proceed in forma pauperis and required affidavit. It appears therefrom that the petitioner is confined in the Federal Reformatory at El Reno, Oklahoma in this judicial district by virtue of the judgment and sentence of this court in case No. CR–71–210. He does not claim that for any reason his conviction was invalid or his sentence illegal. It is, rather his claim that he is entitled to credit on service of his sentence for time spent on parole.

The court has no jurisdiction to proceed under the provisions of 28 U.S.C. § 2255 because the petitioner is not attacking the judgment of conviction and sentence. *United States v. Marchese*, 341 F.2d 782 (CA10 1965). See also *Gardner v. United States*, 274 F.2d 380 (CA5 1960). A Motion pursuant to Section 2255 may not be invoked for matters occurring subsequent to the judgment. *United States v. Carrell*, 231 F.Supp. 724 (D.C.D.C.1950). The correct procedure to attack the execution of a sentence is by habeas corpus and not by way of Motion pursuant to Section 2255. *Freeman v. United States*, 103 U.S.App. D.C. 15, 254 F.2d 352 (1958); *Little v. Swenson*, 282 F.Supp. 333 (W.D.Mo.1968). See also *Halprin v. United States*, 295 F.2d 458 (CA9 1961) and *Darnell v. Looney*, 239 F.2d 174 (CA10 1956). However, since the petitioner is presently confined within this jurisdiction the court will disregard the label which he has placed upon his pleading and treat it as a Petition for Writ of Habeas Corpus.

18 U.S.C. § 4205 provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the

Board of Parole or member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

It is obvious that under the statute a federal prisoner cannot claim credit on his sentence for time served on ordinary parole. *Carruthers v. United States*, 525 F.2d 843 (CA8 1975); *Holtzinger v. Estelle*, 488 F.2d 517 (CA5 1974). A sentence of imprisonment is served by confinement in fact or by unrevoked parole. *Suggs v. Daggett*, 10 Cir., 522 F.2d 396. The identical argument made by petitioner that a parole-violator is entitled to have credited against his sentence the time during which he was on parole because he was in constructive custody of the Attorney General of the United States was expressly rejected in *Postelwait v. Willingham*, 365 F.2d 759 (CA10 1966). The case of *Howie v. Byrd*, 396 F.Supp. 117 (W.D.N.C.1975) relied upon by petitioner involved a state prisoner and, as recognized by the author of the opinion, stands alone in the anomalous result reached.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The case will then be dismissed.

IT IS SO ORDERED.