**UNITED STATES of America**

v.

**Robert L. CRAWFORD.**

**UNITED STATES of America**

v.

**James HOLDEN.**

**Nos. 77–30343–NA–CR, 77–30355–NA–CR.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Feb. 14, 1979.

Robert Tucker, Nashville, Tenn., for Robert L. Crawford.

C. Douglas Thoresen, Nashville, Tenn., for Jimmy Holden.

## MEMORANDUM

MORTON, Chief Judge.

Movants in these two criminal cases, Robert L. Crawford and James Holden, have filed motions pursuant to 28 U.S.C. § 2255 requesting. this court to correct sentences that it previously imposed upon them. Each movant alleges that respondent, through the Bureau of Prisons, has failed, in violation of 18 U.S.C. § 3568, to give him certain "credit toward service of his sentence for [time] spent in custody in connection with the offense or acts for which sentence was imposed." Because these cases involve identical issues, the court heard argument in both cases at the same time and will dispose of both in this memorandum.

The initial question of law presented is whether or not this court has jurisdiction over movants' claims for credit for time served. If such claims are properly presented under 28 U.S.C. § 2255, then they are cognizable in this, the sentencing court. If not, then they must be presented to a court in the district of confinement under 28 U.S.C. § 2241; and since neither movant is confined in the Middle District of Tennessee, this court would have no jurisdiction. For the reasons hereinafter stated, the court believes that claims for credit for time served are not proper grounds for attacking a federal sentence under 28 U.S.C. § 2255, and that this court therefore has no jurisdiction to grant movants the relief they seek.

Prior to 1948, the sole remedy for a prisoner seeking to mount a collateral attack upon a federal conviction and sentence was to petition, under what is now 28 U.S.C. § 2241, for a writ of habeas corpus in a district court located in the district of confinement. Numerous practical difficul-

Joe B. Brown, William M. Cohen, Asst. U. S. Attys., Nashville, Tenn., for plaintiff.

ties arose from this system. First, because the records of the sentencing court were not readily available to the habeas corpus court, the latter was required to expend valuable time and energy considering petitions that, although facially meritorious, were obviously frivolous when compared to the sentencing court's files. Second, under *Walker v. Johnston*, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1949), federal officials connected with the prosecution, conviction, or sentence under collateral attack might frequently be required to appear to testify in distant courts, resulting in the interruption of the performance of their duties in their own districts. Third, because relatively few districts contain federal penal institutions, a handful of courts were required to handle an inordinate number of habeas corpus actions. *See United States v. Hayman*, 342 U.S. 205, 212–14, 72 S.Ct. 263, 268–69, 96 L.Ed. 232, 238–39 (1952). In response to these problems, Congress was prompted by the Judicial Conference of the United States to enact 28 U.S.C. § 2255, which in pertinent part provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The explicit purpose of the statute was to eliminate the perceived defects of the former procedure by providing an expeditious remedy in the sentencing court for correcting erroneous sentences without resort to

habeas corpus under 28 U.S.C. § 2241. *United States v. Hayman, supra*, 342 U.S. at 218, 72 S.Ct. at 271, 96 L.Ed. at 241. A § 2255 motion not only would be brought in the district in which the records and witnesses were located, but it also would have the salutary effect of distributing more evenly among the districts the burden of entertaining prisoner suits.

Cases construing the language and history of § 2255 have frequently stated that the new remedy was intended to be as broad as habeas corpus. *See, e. g., Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Hayman, supra*. As stated in one opinion:

Suffice it to say that it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.

*Hill v. United States, supra*, 368 U.S. at 427, 82 S.Ct. at 471, 7 L.Ed.2d at 420. Certainly, when the events giving rise to the collateral attack occurred at trial, at a guilty plea hearing, or at sentencing, or in some way affected those proceedings, a § 2255 motion is as broad as a petition for habeas corpus under the former practice, and is the appropriate remedy.[1] The primary historic purpose of the writ of habeas corpus, however, is more comprehensive than that as it allows a challenge to the legality of a prisoner's detention on grounds not limited to events relating to the conviction or sentence. *See, e. g., Walker v. Wainwright*, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215

---

1. For example, in the *Hayman* case, the prisoner claimed that he was denied effective assistance of counsel at trial; in *Hill*, the prisoner asserted that he was denied the right to make a statement in his own behalf in mitigation of his sentence at the sentencing hearing; and in *Kaufman*, the prisoner claimed that he was convicted on evidence obtained in an unconstitutional search and seizure. Clearly a § 2255 motion was the proper remedy in these cases because the claims were so closely related to the legality of the conviction and sentence themselves. No decision of the United States Supreme Court has addressed the propriety of a § 2255 motion in a case such as the instant one, in which the claim is apparently distinguishable from those in *Hayman, Hill,* or *Kaufman*.

(1968); *Soyka v. Alldredge*, 481 F.2d 303 (3d Cir. 1973); *Comulada v. Pickett*, 455 F.2d 230 (7th Cir. 1972). From this, many courts have concluded that § 2255 does not grant subject matter jurisdiction over all post-conviction claims that a federal prisoner may have, and that therefore a petition for habeas corpus under § 2241 remains the appropriate remedy in some cases. *See, e. g., Wright v. United States Bd. of Parole*, 557 F.2d 74 (6th Cir. 1977); *Lee v. United States*, 501 F.2d 494 (8th Cir. 1974); *Williams v. United States*, 412 F.Supp. 277 (E.D.Pa.1976).

Drawing the line between those claims that fall within the scope of § 2255 and those that remain under § 2241 has been a difficult task facing the courts. Most have stated that § 2255 is limited to claims arising from the *imposition* of the sentence as distinguished from claims attacking *execution* of the sentence.[2] *See, e. g., Wright v. United States Bd. of Parole, supra; United States v. Clinkenbeard*, 542 F.2d 59 (8th Cir. 1976); *United States v. DiRusso*, 535 F.2d 673 (1st Cir. 1976); *Gomori v. Arnold*, 533 F.2d 871 (3d Cir. 1976); *Halprin v. United States*, 295 F.2d 458 (9th Cir. 1961); *Freeman v. United States*, 103 U.S.App.D.C. 15, 254 F.2d 352 (D.C.Cir. 1958); *McCune v. United States*, 374 F.Supp. 946 (S.D.N.Y. 1974). This distinction apparently hinges on the fact that the sentencing court has charge over all proceedings leading up to and through the imposition of sentence and is likely to have ready access to records and witnesses connected with those proceedings. That court, however, has very limited power over how the sentence imposed is to be executed, and since determinations of that nature are usually committed to those hav-

ing custody over the prisoner, the evidence pertaining to the execution of the sentence is likely to be located in the district of incarceration. As the reason for enacting § 2255 was to locate jurisdiction over collateral attacks in the district where records and witnesses are most accessible, the distinction is appropriate and sensible. Under this approach, a claim that the sentence is illegal because at trial the prisoner had ineffective assistance of counsel would be considered a challenge to the imposition of sentence and so would be cognizable under § 2255, *see, e. g., United States v. Hayman, supra*; on the other hand a challenge of the action of a parole board, as an attack on the execution of sentence, could be brought only under § 2241, *see, e. g., Wright v. United States Bd. of Parole, supra.*

The decision of this case turns upon whether a request for credit for time served is a challenge to the imposition or execution of the sentence. For a variety of reasons, this court is convinced that such a claim is an attack upon the execution of the sentence and may be presented only to a court having jurisdiction under § 2241.

First, the authority to grant credit for time served has been delegated by Congress in 18 U.S.C. § 3568 to the Attorney General. It is therefore an administrative rather than a judicial responsibility, and it is totally unrelated to the sentencing function of the trial judge. *See, e. g., Soyka v. Alldredge, supra; United States v. Lewis*, 145 U.S.App.D.C. 93, 447 F.2d 1262 (D.C.Cir. 1971); *Bostick v. United States*, 409 F.2d 5 (5th Cir. 1969); *Lee v. United States*, 400 F.2d 185 (9th Cir. 1968). In this respect, granting credit is similar to the action of a

---

2. A few courts seem to have adopted a rather formalistic test in which the decision rests on the timing of the event that gives rise to the collateral challenge: if prior to the date on which sentence was imposed, then § 2255 is applicable; if subsequent to that date, then § 2241 applies. *See, e. g., Gomori v. Arnold*, 533 F.2d 871 (3d Cir. 1976); *Sobell v. Attorney General*, 400 F.2d 986 (3d Cir. 1968); *Thompson v. Warden*, 418 F.Supp. 894 (W.D.Okl. 1976). Under this approach, a prisoner was required to bring his claim for credit for time served prior to sentencing in the sentencing

court under § 2255, and his claim for time spent in custody pending appeal (but after sentencing) in the district of confinement under § 2241. *Sobell v. Attorney General, supra.* Since, as discussed *infra*, the decision of whether to grant credit for any time served is made by the Attorney General after the court has imposed sentence, it seems that the prisoner's objection is actually directed against an event, the Attorney General's decision, which occurs subsequent to the imposition of sentence; and so credit for both pre-sentence and post-sentence time should be sought under § 2241.

parole board, which in determining the length of a prisoner's confinement also acts independently of the sentencing judge. The similarity is sufficient to justify treating both types of claims similarly. Therefore, since a challenge of the action of a parole board is considered an attack on the execution of a sentence, *Wright v. United States Bd. of Parole, supra,* the instant claim should also be viewed as an attack on execution.[3]

Second, movants have alleged no infirmity in the proceedings in the sentencing court. There is no claim that the sentence was incorrect at the time it was imposed. The sole contention is that at some time subsequent to the sentencing, the Attorney General erred in computing the duration of movants' incarceration. Even if true, such an event cannot transform a valid sentence into an invalid one. Since there is no error in the sentence as it was imposed by this court, that sentence is not subject to "correction" through a § 2255 motion. *See, e. g., Thompson v. Warden,* 418 F.Supp. 894 (W.D.Okl.1976); *McCune v. United States,* 374 F.Supp. 946 (S.D.N.Y.1974).

Third, the purposes of § 2255, as enumerated in the *Hayman* case, would not be served by hearing this claim in this court. The computation of movants' sentences occurred not in this district, but in the districts in which movants are confined. None of the evidence relating to the Attorney General's computation is located in this district, and presumably is no more accessible to this court than to the courts in the district of incarceration. In these circumstances, there is no reason to believe that this court is any better able to examine the Attorney General's determination than is a court in the district in which sentence is being executed. *See, e. g., Comulada v. Pickett, supra.*

Finally, the court is not impressed by the cases that hold that a claim for credit for time served is proper under § 2255. Even if they represent the majority view, they are unpersuasive because in reaching this conclusion they offer not a shred of analysis of the problem. In fact, they do not even mention the dichotomy between imposition of sentence and execution of sentence. *See, e. g., McIntyre v. United States,* 508 F.2d 403 (8th Cir. 1975); *Boyden v. United States,* 463 F.2d 229 (9th Cir. 1972); *Outlaw v. Connett,* 460 F.2d 1257 (5th Cir. 1972); *Bandy v. Willingham,* 398 F.2d 333 (10th Cir. 1968); *Steel v. United States,* 400 F.Supp. 41 (E.D.Okl.1975).

In light of the history of § 2255 and the nature of the claim that movants present, the court feels compelled to deny the motion for lack of subject matter jurisdiction.

---

**3.** One case, *Sobell v. Attorney General, supra* note 2, suggests that when the decision of the Attorney General not to grant credit would frustrate the intention of the sentencing judge, the sentencing court is the proper forum for the prisoner's claim. Since there has been no allegation of this kind in the instant case, and since this court knows that it expressed or implied no intention on this matter at the time it imposed these sentences, that case is inapplicable.