**Rodney COLEMAN, Petitioner,**

v.

**U.S. BUREAU OF PRISONS, Respondent.**

**No. 82 Civ. 7353.**

United States District Court, S.D. New York.

April 28, 1982.

Rodney Coleman, pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for respondent; Gerald T. Ford, Asst. U.S. Atty., New York City, of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, Rodney Coleman, is confined to the Federal Correctional Institution ("FCI") in Otisville, New York. He was convicted of second degree burglary and simple assault in the Superior Court of the District of Columbia, and sentenced to a term of 4 to 6 years under the Youth Corrections Act ("YCA")[1] by Judge Leonard Braman of that court on September 12, 1979. There are three federal facilities exclusively for YCA offenders. Although originally petitioner had been confined to two of these facilities, he was transferred and is now confined to the FCI, which is an adult correctional institution. He seeks retransfer to a YCA facility by way of a writ of habeas corpus.[2]

Petitioner was first confined to the YCA facility in Englewood, Colorado, in September, 1981.[3] There, he was a serious disciplinary problem, accumulating in excess of 70 misconduct points mostly for assaultive behavior. Accordingly, he was transferred to the YCA facility in Petersburg, Virginia.[4] After his transfer, petitioner continued to be a violent, assaultive individual who disrupted the YCA program in Petersburg.

On July 1, 1982, the Director of the Federal Prison System wrote to Judge Braman

---

1. 18 U.S.C. §§ 5005–26.

2. The writ was filed pursuant to 28 U.S.C. § 2241.

3. The papers do not disclose petitioner's place of confinement, if any, from the date of sentence through September, 1981.

4. The only other YCA facility was in Morgantown, West Virginia. It has a lower security rating than Petersburg.

seeking permission to transfer petitioner to a non-YCA facility. Judge Braman approved the request on July 12,[5] and petitioner was transferred to the FCI in Otisville. He now contends that his confinement there is unlawful.

The government opposes the issuance of the writ on two grounds. First, it argues that the Superior Court of the District of Columbia has exclusive jurisdiction over the petition. Second, that petitioner's incarceration in the FCI is lawful.

As part of the District of Columbia Court Reform Act,[6] Congress limited habeas corpus petitions of persons in custody under sentences of the Superior Court of the District of Columbia. Section 23–110(a) of the District of Columbia Code provides that "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released ... may move the Court to vacate, set aside or correct the sentence." A related subdivision of that same section provides that no other court, federal or state, is empowered to entertain a habeas corpus petition from a prisoner subject to section 23–110(a) if the prisoner has failed to make a motion for relief under section 23–110(a) or such relief has been denied, unless it appears that the remedy is inadequate or insufficient to test the legality of the detention.[7]

Whether section 23–110 precludes this Court from entertaining the petition is a close question.[8] On the face of the petition, however, it is clear that petitioner has failed to exhaust his remedies before the District of Columbia courts. Indeed, petitioner has expressly admitted so. The Supreme Court[9] and our Court of Appeals[10] have held that petitions containing unexhausted claims must be dismissed without prejudice. The Court disposes of this petition accordingly.

The petition is dismissed without prejudice.

So ordered.

5. Judge Braman wrote that he had "no objection" to the transfer.

6. P.L. 91–358, 84 Stat. 608 (1970).

7. D.C.Code Ann. § 23–110(g) (1981). The constitutionality of this provision was upheld in *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

8. Determining whether the petition challenges the validity of the sentence or its imposition, for example, has been recognized to be a "difficult task." *United States v. Crawford*, 477 F.Supp. 266, 269 (W.D.Tenn.1979). *Cf. Halprin v. United States*, 293 F.Supp. 1186, 1186–87 (S.D.N.Y.1968) (distinguishing between availability of relief under 28 U.S.C., sections 2241 and 2255); *Butler v. United States*, 388 A.2d 883, 886 n. 5 (D.C.1978) (construing section 23–110 as "functionally equivalent" to section 2255).

9. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

10. *Rock v. Coombe*, 694 F.2d 908, 914 (2d Cir. 1982). *See also Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982) (en banc).