**James Glenn COLLINS**

v.

**UNITED STATES PAROLE COMMISSION.**

No. CIV. 3–84–103.

United States District Court, E.D. Tennessee, N.D.

Feb. 6, 1984.

James Glenn Collins, pro se.

Judith R. Whitfield, Otis B. Meredith & Associates, Clinton, Tenn., for plaintiff.

John W. Gill, Jr., U.S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is a complaint under 28 U.S.C. § 2255 seeking relief from a decision of the United States Parole Commission to revoke plaintiff's parole and to run the unexpired term of the federal sentence consecutively with a state court sentence. The complaint does not state a cause of action under 28 U.S.C. § 2255. Section 2255 is available for claims arising from imposition of sentence as distinguished from claims attacking execution of sentence. *Wright v. U.S. Board of Parole*, 557 F.2d 74 (6th Cir.1977); *U.S. v. Crawford*, 477 F.Supp. 266 (M.D.Tenn.1979). A challenge of the action of a parole board is considered an attack on the execution of a sentence and, therefore, must be brought under 28 U.S.C. § 2241. *Id.* However, because this Court would have jurisdiction of this claim if brought under 28 U.S.C. § 2241, rather than dismiss the complaint for failure to state a claim, plaintiff's complaint will be construed as a motion under 28 U.S.C. § 2241.

Petitioner was convicted on a two count federal indictment in 1970 and an eleven year (cumulative) sentence was imposed. Plaintiff served a total of seven years and 27 days of his sentence before he was paroled. While on parole, plaintiff was convicted and sentenced on a state offense. At a parole revocation hearing, the Parole Commission revoked his parole and ordered that the unexpired term of his original federal sentence (approximately 47 months) be served consecutively to his state sentence.

Petitioner says that under applicable parole guidelines, time served on a new state sentence shall be counted as time served on the unexpired term of his original federal sentence. Plaintiff says that the Parole Commission's failure to credit him with time served on his state sentence violates his due process rights.

The Parole Commission and Reorganization Act, 18 U.S.C. § 4201 et seq. provides:

In the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but *in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.*

18 U.S.C. § 4210(b)(2) (emphasis supplied). Further, section 2.52(c)(2) of Title 28 of the Code of Federal Regulations provides:

(2) If the parolee has been convicted of a new offense committed subsequent to his release of parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of such release to the date of execution of the warrant shall be ordered, and such time shall not be credited to service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revocation hearing, the Commission may reopen the case and schedule a further hearing relative to time forfeiture and such further disposition as may be appropriate. However, *in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence.*

(emphasis supplied).

Plaintiff apparently argues that the underscored clause prohibits the Parole Commission to run the unexpired term of the federal sentence consecutively with the new state sentence because the term

served would exceed the total length of the original federal sentence. If plaintiff's construction of the statute and regulation is accepted, then the authority conferred on the Parole Commission to make the sentences run consecutively would be revoked. The legislative history of the statute indicates that this was not the intent of Congress. The conference committee report includes the following explanation of § 4210(b)(2):

This subsection also provides that *an individual whose parole has been revoked upon conviction of any new criminal offense that is punishable by a term of detention, incarceration or imprisonment in any penal institution shall receive no credit for service of his sentence from the day he is released on parole until he either returns to Federal custody following completion of any sentence of incarceration* or upon the Commission determining that the sentence run concurrently with any new sentence that may have been imposed, pursuant to section 4214(b) or (c) of this Act. In computing the date of expiration of the sentence, the Commission shall take into account the *time the parolee previously served in connection with the original offense at commitment prior to his release on parole together with the time served for such offense following his revocation* and the time together shall not be longer than the maximum term for which he was sentenced in connection with the original offense.

H.R.Rep. No. 94–838, 94th Cong., 2d Sess. 31–32 (1976) *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 335, 351, 364. (Emphasis added.) *See also U.S. Ex Rel Del Genio v. U.S. Bureau of Prisons,* 644 F.2d 585 (7th Cir.1980), *cert. den.,* 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981); *Harris v. Day,* 649 F.2d 755 (10th Cir. 1981). Thus, the underscored clause "does not withdraw the authority conferred earlier in the subsection to make the sentences run consecutively but is for the purpose of insuring that the total time served on the original sentence does not exceed the maximum term for which he was originally sen-

tenced." *Wilkerson v. United States Board of Parole,* 606 F.2d 750, 751 (7th Cir.1979).

 In this case plaintiff served seven years and 27 days of his original federal sentence before he was paroled. When plaintiff was subsequently convicted and sentenced for a state offense, the Parole Commission was authorized to revoke his parole and to give him no credit for his time spent on parole and in state custody. By requiring that plaintiff serve the remaining 47 months of his original federal sentence after his release from state custody, the Parole Commission did not increase the length of his original federal sentence. Thus, plaintiff's right to due process was not violated.

For the foregoing reasons, plaintiff's motion is dismissed.

Order Accordingly.