### Ernest Calvin PACE, Petitioner-Appellant,

v.

### J. J. CLARK, Warden, Respondent-Appellee.

### No. 71-2539.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1972.

Ernest Calvin Pace, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Ernest Calvin Pace, a federal prisoner, filed a petition for the writ of habeas corpus in the court below, seeking credit on his federal sentence for the time he spent in a state jail, allegedly unable to make bond due to the presence of a federal detainer. The district court dismissed the petition to allow exhaustion of administrative remedies.

The trial judge's ruling was correct. Resort to the courts in matters of this kind are probably unnecessary since there is a statutory requirement that the Attorney General shall give credit "for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568. There is no reason to believe that the Attorney General will not do his duty and give appropriate credit to the prisoner where it is warranted. Petitioner should therefore first exhaust the administrative means which are at his disposal. For example, he can deposit his request in the Prisoner's Mail Box where it can be received by the Department of Justice, Bureau of Prisons, or by the United States Board of Parole. These agencies are in much better position to investigate the facts and determine what credit, if any, is due a pris-

oner, than is the federal district court. The limited time of the courts must be conserved, especially since it appears that petitioner already has an adequate administrative remedy. We do not read our decision (by the same panel of judges herein) in Davis v. Attorney General of the United States, 5 Cir., 1970, 425 F.2d 238, to the contrary. The question of prior exhaustion of administrative remedies was not raised in that case.

Affirmed.[1]

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, 5 Cir., 1969, 412 F.2d 981.