John H. BARROWS, Petitioner,

v.

Marvin R. HOGAN, Warden, U. S. Penitentiary, Lewisburg, Defendant.

Civ. No. 74–467.

United States District Court,
M. D. Pennsylvania.

Aug. 2, 1974.

John H. Barrows pro se.

Michael D. McDowell, Lewisburg, Pa., for the Government.

## OPINION

MUIR, District Judge.

██ John Barrows, the petitioner in this habeas corpus case, is an inmate at the Lewisburg Penitentiary. On January 13, 1972, the Petitioner was committed to the custody of the Attorney General for the offense of "possession of stolen mail." Petitioner received a sentence of 3 years which required his "mandatory" release, giving credit for maximum good time, on April 19, 1974. On February 14, 1974, an indictment was handed down against Petitioner in the United States District Court for the Middle District of Pennsylvania for violation of 18 U.S.C. § 111, assaulting "an employee of a United States correctional institution." Petitioner was acquitted on this charge on June 6, 1974 by a jury in this Court. On November 1, 1973, the Lewisburg Penitentiary Good Time Forfeiture Board announced the result of its October 25, 1973 hearing with respect to Petitioner's alleged assault on a prison employee. The Board recommended a forfeiture of 152 days good time. The Warden accepted the recommendation and, according to the Petitioner's calculation, the Petitioner is scheduled for release on September 23, 1974. Petitioner's allegation as to his release date is not disputed by Respondent and is therefore accepted. 28 U.S.C. § 2248.

Petitioner claims that by reason of his acquittal in this Court of the charge of assaulting a federal officer, the Good Time Forfeiture Board is required to reinstate his time forfeited because the forfeiture was based on the same alleged offense as that on which he was acquitted in court. The Government's response to the Court's Order to Show Cause argues that the Petitioner is required to exhaust his administrative remedies to have his good time days restored. The Government cited Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973). *Soyka* was also a habeas corpus matter and dealt with a situation where a prisoner requested credit on his sentence for time already served in prison. *Soyka* stands for the proposition that administrative remedies must be exhausted before a prisoner is entitled to enter federal court with a complaint alleging future illegal detention.

Petitioner alleges that he did exhaust his administrative remedies by speaking to various individuals in authority at the prison. The Government maintains that Petitioner did not follow the formal written procedure set forth in policy statement No. NE–2001.6 "Administrative Remedy of Complaints Initiated by

**316**

Offenders." The Petitioner does not deny that he did not proceed through the written route.

▇ In my view, Soyka v. Alldredge, *supra,* is distinguishable from the instant case and in the interests of justice should not be followed in this case. It is beyond dispute that the doctrine of exhaustion of administrative remedies is a worthwhile and workable concept. However, the statement of the Supreme Court, in cases of habeas corpus relief with respect to induction into the military service, that the doctrine of administrative remedies must be applied in each case with an "understanding of its purposes and of the particular administrative scheme involved" is equally applicable in the field of prisoner law. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1968); Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1971). Where, as in the facts of this case, Petitioner would be free from prison were the relief sought granted, the Court should balance the interests in judicial economy and administrative expertise produced by the administrative remedy device against the right of the individual to gain his freedom at the earliest possible time through a writ of habeas corpus.

▇ On the merits of the case, it is my view that the Petitioner is entitled to have all the good time days restored to him which were forfeited by virtue of the alleged assault on a federal officer. Lange v. Schauer, Colo., 520 P.2d 753 (1974). Petitioner was acquitted by a jury after considering all the evidence in the case; no mere technical rule imposed by the governing law caused the Court to dismiss the indictment or enter a judgment of acquittal.

The argument that the prison is entitled to use a lessor standard of proof than does a court is not persuasive. The prison administration generally acts to forfeit accumulated good time days on a showing of good cause, whereas a federal jury may not convict absent a showing of guilt beyond a reasonable doubt. The deprivation of liberty and standard of proof involved in forfeiture of good time was recently the subject of a discussion in the Supreme Court case of Wolfe v. McDonnell, —— U.S. ——, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974). In finding the standards of proof and the rights under the due process clause of the federal Constitution to be less in good time forfeiture proceedings than in parole revocation proceedings, the Supreme Court considered a situation where the deprivation of good time credits did not "then and there work any change in the conditions of his [the inmate's] liberty." Wolfe v. McDonnell, *supra,* 94 S.Ct. at p. 2977. The Court clearly recognized that where the forfeiture of good time days would result in an immediate deprivation of liberty, the principles embodied by the due process clause would be more urgent. The important interest of the inmate in his good conduct days in this case makes it essential that the due process afforded an inmate within the structured confines of the judicial system not be ignored by an administrative body of the prison.

The Government asserts that United States v. Stuckey, 441 F.2d 1104 (3d Cir. 1971) cert. denied, 404 U.S. 841, 92 S.Ct. 136, 30 L.Ed.2d 76 (1971) controls. Stuckey held that "Administrative sanctions imposed by prison officials upon a prisoner following his apprehension in connection with the commission of a crime is [sic] not a bar to subsequent prosecution of the crime in a court of competent jurisdiction."

The question here is not one of double jeopardy, for the Petitioner does not allege that he has been charged twice for the same offense. The holding of a jury of 12 men and women is a final determination against the Government on the question of whether Petitioner assaulted the officer. In view of the judicial determination that this prisoner is not guilty of the offense charged, it is impermissible for the prison administration to determine otherwise and punish the prisoner for an offense as to which he has been acquitted.

An appropriate order will be entered.