**UNITED STATES of America, Appellee,**

v.

**Joseph A. GRANELLI, Defendant,
Appellant.**

No. 77–1230.

United States Court of Appeals,
First Circuit.

August 4, 1977.

William B. Duffy, Jr., Boston, Mass., by appointment of the Court, and Duffy & Parker, Boston, Mass., on memorandum for defendant, appellant.

James N. Gabriel, U. S. Atty., and Robert B. Collings, Asst. U. S. Atty., Boston, Mass., on memorandum for appellee.

Before COFFIN, Chief Judge, LAY * and CAMPBELL, Circuit Judges.

* Of the Eighth Circuit, sitting by designation.

1. Appellant explains, in his brief, that this action reflects the fact that the second complaint, based on the same incident, charged larceny of

COFFIN, Chief Judge.

Appellant received a two year sentence in federal district court, which was suspended. He was placed on probation, the first condition of which was to refrain from violating any law, local, state, or federal. During the probationary period, he was involved in several state criminal proceedings. The district court, after reviewing the records of the state court proceedings, testimony from police officers, and the state court exhibits, found that the first condition of probation had been violated and revoked probation. Appellant claims that the fact that the state proceedings all were ultimately dismissed bars the revocation of his probation under the principles of double jeopardy or collateral estoppel.

The records of the state criminal proceedings show the following. The first complaint charged receipt of property stolen from one Marie Fonzi. While the record recites that appellant had been found guilty, the complaint was ordered "placed on file".[1] A second complaint charged larceny of property from said Marie Fonzi. The record reflects that hearing had been had and that defendant was found guilty, that defendant was sentenced to six months in jail, that execution was suspended pending appeal to Superior Court, and finally, that the appeal was withdrawn and the case dismissed. The third complaint charged the theft of $689.05 from the Star Market. An examination of the complaint reveals that the printed recitation of a hearing and finding of guilt was lined out, and the following words were typewritten: "Upon payment of $200.00 Costs of Court said case is DISMISSED. Restitution made in full."

Appellant's argument is as novel as it is simple. He contends that since evidence was received in his state proceedings and the charges dismissed, such action is "manifestly tantamount to acquittal". He relies on cases which have held that a prior acquittal in a prosecution bars prison or pa-

the same property, and that under Massachusetts law a person could not be found guilty of both offenses.

role authorities from reducing credit for "good time" or revoking parole for having committed the offense of which a defendant had been acquitted. *Barrows v. Hogan,* 379 F.Supp. 314 (M.D.Pa.1974); *Standlee v. Rhay,* 403 F.Supp. 1247 (E.D.Wash.1975). In both cases a defendant had been acquitted by a judge or jury deciding the merits in defendant's favor.

We need not consider appellant's arguments that, despite the differing standards of proof pertinent to a criminal trial and a probation revocation proceeding, *cf. United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 10 n. 2 (1st Cir. 1977), double jeopardy and collateral estoppel doctrines are invoked. For it is clear that the predicate to any such reasoning is that, "The ruling of the [tribunal], whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977). *See Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

Here it is obvious that the dismissal of the larceny charge in the Fonzi matter upon the withdrawal of the appeal, following a finding of guilt, imposition and suspension of sentence, had nothing to do with the merits of the case. Similarly, the dismissal of the Star Market complaint, following payment of court costs and restitution in the full amount of $689.05, cannot possibly be reconciled with a theory that the Massachusetts court found that appellant had not committed the offense. Moreover, the complaining police officer had presented to the state judge the substance of the same testimony he had given the district court, which centered on four checks, either fraudulent photo offset copies or genuine checks fraudulently endorsed, three of the checks being accompanied by photographs of appellant in the act of cashing them at the Star Market. According to the officer, the appellant admitted to the judge that he had cashed the checks.

The district court was amply supported in finding that appellant had, contrary to Con-dition No. 1 of his probation, violated state law.

*Affirmed.*