**BRADLEY MAXWELL, Petitioner**
**v.**
**IVER STRIDIRON, Attorney General of the**
**Virgin Islands, Respondent**

Civil Misc. No. 123/2001

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

March 25, 2003

185

186

BRADLEY MAXWELL, Wallens Ridge State Prison, Big Stone Gap, VA, *Pro se Petitioner*

DOUGLAS J. JUERGENS, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, VI, *Attorney for Respondent*

HODGE, *Judge*

## MEMORANDUM OPINION

(March 25, 2003)

Before the Court is Petitioner Bradley Maxwell's Petition for Writ of Habeas Corpus, pursuant to sections 1301-1325 of Title 5 of the Virgin Islands Code. Because (1) the Virgin Islands government has federal statutory authority to enter into compacts with any of the sovereign states, (2) Petitioner's challenges to his conditions of confinement do not rise to the level of Eighth Amendment constitutional violations, and (3) Petitioner offers no evidence that the educational programs at the off-island facility where he is currently incarcerated are statutorily inadequate for Fourteenth Amendment purposes, the Petition for Writ of Habeas Corpus must be DENIED.

## FACTS

Bradley Maxwell ("Maxwell"), a *pro se* inmate sentenced by the Territorial Court of the Virgin Islands,[1] challenges the circumstances of his transfer to Wallens Ridge State Prison in Big Stone Gap, Virginia ("Wallens Ridge"). (Pet'n. at 1). Maxwell raises several complaints regarding his treatment at Wallens Ridge. Specifically, Maxwell contends that (1) his conditions of confinement at Wallens Ridge—including his confinement to a segregation unit, degrading personal searches and abusive comments by correctional officers, interference with his

---

[1] Pursuant to a plea agreement, Maxwell was sentenced to thirty years' imprisonment for second-degree murder and five years' imprisonment for escape from jail, both sentences to run consecutively. (*Gov't v. Maxwell*, Crim. Nos. F382/1997 & F275/1998 (Terr. Ct. St. & St. J. Oct. 30, 1998).)

religious practices in the form of threats to shave his dreadlocks, 23-hour-a-day "lockdown" imposed upon him and the other inmates of Wallens Ridge, inadequate food, showers three times per week, and physical recreation five times per week—violate his rights; (2) the government, in transferring him to Wallens Ridge, exceeded its discretionary authority because the facility does not offer the educational or vocational resources as mandated by section 4503(c) of Title 5 of the Virgin Islands Code;[2] (3) the government has arranged for him to be kept segregated from the general population at Wallens Ridge indefinitely; (4) the Legislature of the Virgin Islands acted unconstitutionally in promulgating a transfer statute that is devoid of specific guidelines and time limitations; (5) the government abused its discretion by basing its transfer decisions on discriminatory and vindictive criteria; (6) section 4503 violates both federal and territorial law and the 1954 Revised Organic Act of the Virgin Islands; and (7) the government did not have the authority to transfer him under the Interstate Correction Compact Agreement. (Pet'n at 2-3). Maxwell claims that, based on the totality of the circumstances involved, the government has restrained his liberty, in violation of procedural and substantive due process, the 1954 Organic Act, and the United States Constitution. (Pet'n at 4-6).

Respondent answers that, pursuant to an agreement between the Virgin Islands Department of Justice and the Commonwealth of Virginia ("Virginia") Department of Corrections, Virgin Islands prisoners are to be housed and maintained in the same manner as Virginia prisoners,

---

[2] This provision reads as follows:

> The Attorney General [of the Virgin Islands] is authorized to enter into agreements to use the correctional or detention facilities of the United States Bureau of Prisons; or the correctional facilities of any state or local government or private correctional entity located in the United States, its territories, possessions, commonwealths or the District of Columbia, which are accredited by the American Correctional Association, when the Attorney General determines that detention and/or correctional facilities within the Virgin Islands are inadequate to serve the best interest of the inmate or the general interest or welfare of the Territory; provided that *as a condition of and prior to the transfer of any inmates, the Attorney General shall ascertain and insure the availability of educational and/or vocational programs at the institution they are to be transferred to for the purpose of enabling such inmates to gain marketable skills,* and provided further that no inmate is to be transferred to any institution lacking any such program(s).

V.I. CODE ANN. tit. 5, § 4503(c) (1997 & Supp. 2002) (emphasis added).

commensurate with the principles of safe, supervised confinement and proper discipline and control. (Resp.'s Response to Pet'n at 2-3.) Respondent claims that it has received no official or unofficial notice that there has been any material breach of this agreement. (*Id.* at 3-4.) Characterizing Maxwell's claims as mere complaints that he did not receive a hearing before his transfer to Wallens Ridge, Respondent argues that the Due Process clause of the Fourteenth Amendment does not entitle a prisoner to a pre-transfer hearing. (*Id.* at 4-10).

In his reply, Maxwell refines his argument, arguing that (1) as an unincorporated territory of the United States, the Virgin Islands does not possess sufficient sovereignty to enact prisoner transfer laws under § 4503(c) without Congressional approval, (Pet'r's Reply at 3-5, 8), and (2) Wallens Ridge fails to provide sufficient educational and vocational opportunities as required by § 4503, (*id.* at 5-7). Maxwell asserts that, having begun a program to earn his General Equivalency Degree, or GED, he has contact with his instructor only once a week for approximately ten or fifteen minutes. (*Id.* at 7.)

## DISCUSSION

 Habeas corpus *ad subjiciendum* is an equitable remedy whereby individuals who are restrained in violation of the Constitution may seek their release. *Walker v. Wainwright,* 390 U.S. 335, 336-37, 88 S. Ct. 962, 963-64, 19 L. Ed. 2d 1215 (1968); *Soyka v. Alldredge,* 481 F.2d 303, 305 n.4 (3d Cir. 1973). Such restraint may be civil, criminal, or military in nature. *See* 39 AM. JUR. 2D *Habeas Corpus & Postconviction Remedies* §§ 17, 73, 79, 90 (citing cases). In order to qualify for habeas relief in a criminal context, a petitioner, as a general matter, must demonstrate current and involuntary restraint that violates the United States Constitution. *See, e.g.,* 28 U.S.C. § 2241(c) (setting out the prerequisites for federal habeas corpus relief).

Section 1301 of Title 5 of the Virgin Islands Code provides that "[e]very person unlawfully imprisoned or restrained of his liberty ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." V.I. CODE ANN. tit. 5, § 1301. Petitions for post-conviction relief that stem from judgments handed down by a Territorial Court judge are addressed in the first instance by the Territorial Court of the Virgin Islands. *Parrot v. Gov't,* 43 V.I. 277, 285-86, 230 F.3d 615, 622 (3d Cir. 2000). Maxwell's petition may be broken down into three

general claims: (1) the authority of the Virgin Islands government to enter into compacts with sovereign states, such as Virginia; (2) Maxwell's conditions of confinement; and (3) the government's compliance with its oversight obligations with respect to educational and vocational opportunities for Virgin Islands prisoners housed in off-island facilities.

## 1. The Virgin Islands Government Has Federal Statutory Authority To Enter Into Compacts With Any Of The Sovereign States.

Maxwell's challenge to the authority of the Virgin Islands to enter into compacts with any of the fifty States must fail. Maxwell is correct that Congress must grant such authority to the unincorporated territories of the United States. Congress, however, already has acted in this capacity:

> The consent of Congress is hereby given to any two or more States to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts.

4 U.S.C. § 112(a). For the purposes of this provision, "the term 'States' means the several States and Alaska, Hawaii, the Commonwealth of Puerto Rico, *the Virgin Islands*, Guam, and the District of Columbia." *Id.* § 112(b) (emphasis added). Thus, the Government of the Virgin Islands has the requisite Congressional approval to enter into an agreement with Virginia for the transfer, housing, and care of Maxwell and other Virgin Islands prisoners. Consequently, Maxwell's claim to the contrary must be denied.

## 2. Petitioner's Challenges To His Conditions Of Confinement Do Not Rise To The Level Of Eighth Amendment Constitutional Violations.

Challenges to a prisoner's conditions of confinement implicate Eighth Amendment considerations of cruel and unusual punishment.[3]

---

[3] The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. The Revised Organic Act contains identical language. *See* Revised Organic Act of 1954, § 3, 48 U.S.C.

*Carty v. Farrelly*, 957 F. Supp. 727, 35 V.I. 400, 409 (D.V.I. 1997). Generally, habeas corpus relief is available only to address the fact or duration of an inmate's confinement, not the conditions of that confinement. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). In this jurisdiction, however, such claims are properly before a court on a petition for habeas corpus. *See Joseph v. de Castro*, 27 V.I. 297, 301-302, 805 F. Supp. 1242, 1246 (D.V.I. App. Div. 1992) (fact of confinement at a specific institution), *superceded by statute on other grounds, Parrott*, 43 V.I. 277, 230 F.3d 615; *Ali v. Gibson*, 483 F. Supp. 1102, 16 V.I. 426, 449 (D.V.I. 1979) (cruel and unusual punishment as basis for habeas relief). In order to maintain an Eighth Amendment challenge to conditions of confinement, a prisoner must demonstrate "a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference." *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). "However, not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000).

▮ After examining Maxwell's Eighth Amendment claims, it is evident that they do not violations of his constitutional rights, taken either individually or as a whole. With respect to Maxwell's relegation to a unit comprised solely of Virgin Islands inmates, the United States Supreme Court has determined that the administrative segregation of prisoners for extended periods of time and under certain conditions may run afoul of the Eighth Amendment; however, "[i]t is perfectly obvious that every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual." *Hutto v. Finney*, 437 U.S. 678, 685-86, 98 S. Ct. 2565, 2571, 57 L. Ed. 2d 522 (1978); *accord Gibson v. Lynch*, 652 F.2d 348, 352-53 (3d Cir. 1981). Indeed, "[i]f new conditions of confinement are not materially different from those affecting other prisoners, a transfer for the duration of a prisoner's sentence might be completely

---

§ 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1).

unobjectionable and well within the authority of the prison administrator." *Hutto*, 437 U.S. at 686, 98 S. Ct. at 2571. As Maxwell makes clear in his petition, the entire population of Wallens Ridge is subject to highly restrictive controls on prisoner movement, and that segregated housing applies to other Virgin Islands inmates as well. (*See* Pet'n at 3.) Thus, Maxwell's conditions of confinement, though possibly unpleasant, do not constitute cruel and unusual punishment so long as his basic human needs, such as food, clothing, shelter, sanitation, medical care, and personal safety, are provided. *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997).

 Concerning his claim of hostility toward his religious practices, Maxwell fails to explain, beyond generalized assertions, how prison officials have deprived him of his religious traditions and customs. Although Maxwell claims that he endures both mockery and threats to have his dreadlocks cut off,[4] this falls far short of his burden to show any "sufficiently serious objective deprivation" to trigger the protections of the Eighth Amendment. Similarly, Maxwell's complaints of intrusive and embarrassing bodily searches do not rise to the level of an Eighth Amendment violation if such searches are not the vehicle for the "unnecessary and wanton infliction of pain." *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995). Finally, although prison officials are charged with the adequate care and maintenance of prisoners who are entrusted to them, *see Tillman*, 221 F.3d at 418, Maxwell has failed to demonstrate—beyond mere declarations—that he has been fed inadequately, or that showers three times a week and physical recreational activity five times a week constitutes serious objective deprivations worthy of constitutional censure. Maxwell's claims of cruel and unusual punishment fail to pass constitutional muster, and therefore, they cannot serve as the basis for habeas corpus relief.

---

[4] To the extent that Maxwell claims that his dreadlocks were, in fact, cut off, (*see* Maxwell Aff. dated Feb. 5, 2002, ¶ 9); and that such action by prison authorities amounted to a violation of the Free Exercise Clause of the First Amendment, his claim is not cognizable in a petition for habeas corpus relief. Such concerns are better addressed in a suit alleging civil rights violations pursuant to 42 U.S.C. § 1983.

### 3. Petitioner Offers No Evidence That The Educational Programs At Wallens Ridge Are Statutorily Inadequate.

 Finally, Maxwell's challenge to the government's alleged failure to perform its oversight duties with respect to educational opportunities for Virgin Islands prisoners housed in off-island facilities is inadequate to secure habeas corpus relief. As an initial matter, courts have held that prisoners have no constitutional right to educational or vocational opportunities while incarcerated. *See, e.g., Women Prisoners of Dist. of Columbia Dep't of Corr. v. District of Columbia*, 320 U.S. App. D.C. 247, 93 F.3d 910, 927 (D.C. Cir. 1996); *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986); *Peck v. South Dakota Penitentiary Employees*, 332 N.W.2d 714, 717-18 (S.D. 1983). Prisoners, however, do have a *Fourteenth Amendment* liberty interest in their transfer to a prison where the conditions are less favorable than in the prison from which they came, if state law or practice so dictates. *Meachum v. Fano*, 427 U.S. 215, 228-29, 96 S. Ct. 2532, 2540, 49 L. Ed. 2d 451 (1976). Maxwell contends that, pursuant to 5 V.I.C. § 4503(c), his transfer to Wallens Ridge violates his Fourteenth Amendment Due Process rights because Wallens Ridge does not offer mandated educational or vocational opportunities for Virgin Islands prisoners. Maxwell thereby seeks to raise a constitutional challenge to the fact or duration of his imprisonment at Wallens Ridge by way of a Fourteenth Amendment challenge to his transfer there. *See Preiser*, 411 U.S. at 500, 93 S. Ct. at 1841; *Joseph*, 27 V.I. at 301-302, 805 F. Supp. at 1246.

 Maxwell, however, fails to offer any evidence that he has been denied any educational or vocational opportunities. At most, Maxwell complains only that he has had limited contact with his GED instructor. (*See* Pet'r's Reply at 7.) Upon this narrow basis, Maxwell asks this Court to declare that the quality of educational resources at Wallens Ridge renders his transfer unconstitutional under the Fourteenth Amendment, and thus amenable to habeas corpus relief. This Court cannot agree. Maxwell's offer of proof is hardly a sufficient basis upon which to find a due process violation, let alone a situation worthy of habeas corpus relief. As a result, Maxwell's petition for habeas corpus relief will be denied on this issue as well.

## CONCLUSION

As the foregoing discussion demonstrates, Maxwell's petition for postconviction relief is deficient on several grounds. Federal statutory authority belies Maxwell's claim that the Government of the Virgin Islands lacks the power to enter into penal contracts with any of the several States. Furthermore, none of Maxwell's claims regarding his conditions of confinement at Wallens Ridge suggest that his Eight[h] Amendment right to freedom from cruel and unusual punishment has been violated. Moreover, Maxwell fails to offer support for his assertion that the educational opportunities at Wallens Ridge do not meet Fourteenth Amendment Due Process considerations. Accordingly, this Court shall deny Maxwell's petition in its entirety.