

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2006

# Blom v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2178

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Blom v. Folino" (2006). *2006 Decisions.* Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2178
_____

DONALD ALBIN BLOM,
Appellant

v.

LOUIS FOLINO;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(WD/PA Civil No. 05-cv-00408)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 5, 2006

Before:   RENDELL, AMBRO and GREENBERG, <u>Circuit Judges</u>

(Filed October 27, 2006 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Donald Albin Blom appeals from the order of the United States District Court for

the Western District of Pennsylvania dismissing his 28 U.S.C. § 2241 petition for a writ

of habeas corpus for failure to exhaust administrative remedies. The United States has filed a motion for summary action; Blom opposes that motion and has moved for reinstatement of the briefing schedule. Because the District Court's ruling was not in error and this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Blom was arrested by Minnesota state authorities in 1999. He was then "borrowed" by federal authorities, convicted of a federal weapons offense, and sentenced to 235 months imprisonment. Thereafter, Blom was returned to state authorities, convicted of kidnaping and first-degree murder, and sentenced to life imprisonment without the possibility of parole. Blom is currently serving his state sentence in a Pennsylvania state prison pursuant to the Interstate Corrections Compact. His federal sentence, which was not designated to run concurrently with any state sentence, has not yet begun to run.

On March 24, 2005, Blom filed pro se a § 2241 habeas petition, in which he appears to seek an order directing the Federal Bureau of Prisons ("BOP") to: (1) designate his current prison as the prison for service of his federal sentence; (2) grant him prior custody credit against his federal sentence; and (3) transfer him to a federal facility. Such an order would effectively cause his state and federal sentences to run concurrently. The District Court denied Blom's petition for failure to exhaust administrative remedies,

and Blom appeals. We will affirm.[1]

Inmates generally must exhaust administrative remedies before proceeding on a § 2241 habeas petition. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Here, as the District Court properly determined, the procedures set forth in the BOP's Program Statement 5160.05, entitled Designation of State Institution for Service of Federal Sentence, provide Blom with an adequate administrative remedy. Because Blom has not followed those procedures, the District Court properly dismissed his petition for failure to exhaust them.

Blom appears to raise three arguments to the contrary. First, Blom argues that exhaustion should be excused as an "empty futility" because the BOP lacks the authority to grant him relief. The BOP, however, unquestionably has that authority. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (holding that BOP has statutory authority to cause a federal sentence to run concurrently with a state sentence by designating an inmate's state prison as the place of federal confinement nunc pro tunc); 18 U.S.C. § 5003 (providing that the Director of the BOP may contract with state officials for the federal incarceration of state convicts).

Second, Blom argues that he has been "whipsawed" between various state and

---

[1]    Although the District Court dismissed the petition "without prejudice," we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). See Nyhuis v. Reno, 204 F.3d 65, 68 n.2 (3d Cir. 2000). Our review is de novo. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

3

federal courts and subjected to inconsistent rulings. Blom, however, has neither identified any relevant inconsistent rulings nor explained why he believes they should excuse exhaustion of the specific claims before us now.

Finally, Blom argues that he attempted to exhaust his remedies by writing to the BOP's central office in Washington, D.C. Program Statement 5160.05, however, dictates a different procedure, and his letters do not excuse his obligation to follow that procedure. See Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973) (affirming dismissal of § 2241 petition for failure to exhaust where prisoner did not follow BOP procedures).[2]

Accordingly, we grant the United States' motion and will summarily affirm the District Court. Blom's motion to reinstate the briefing schedule is denied.

---

[2] Blom asserts in his motion to reinstate the briefing schedule that he followed the proper procedure in submitting a request to the BOP on April 20, 2006, during the pendency of this appeal. If the BOP declines to grant him relief, he may then seek review of the BOP's determination by filing another § 2241 petition in accordance with any applicable procedural requirements.