OPINION OF THE COURT
PER CURIAM.
Carl Smith, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to credit his prison sentence for time served. We will vacate the District Court’s order and remand this case to the District Court.
In 1994, Smith pleaded guilty to conspiracy to commit armed carjacking, armed carjacking, and carrying a firearm during and in relation to a violent crime. Smith received an aggregate sentence of 165 months in prison. He did not file a direct appeal. Over nine years later, in 2003, Smith unsuccessfully moved to modify his sentence pursuant to 18 U.S.C. § 3582(c). We affirmed the District Court’s denial of relief.
In 2008, Smith filed a motion seeking credit for the time he spent in custody prior to sentencing. Smith claimed that he should receive 18 months of credit for the time he served from his arrest until he was sentenced. The Government opposed Smith’s motion, arguing that the District Court lacked jurisdiction because Smith was required to file a habeas petition pursuant to 28 U.S.C. § 2241 in the district where he was confined. The Government further argued that Smith failed to pursue his administrative remedies, that a § 2241 petition is time-barred, and that, even if Smith was not barred from seeking relief under § 2241, his claim lacked merit because the time he spent in custody was credited against a state sentence.
The District Court denied Smith’s motion on the merits, stating that Smith was provided with the appropriate credit on his federal sentence. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.
Although the District Court did not address the Government’s procedural arguments, we must determine whether the District Court had jurisdiction to entertain Smith’s motion. Smith cited no statutory basis for the relief he requested in his motion for pre-sentence credit. Because Smith challenged the manner in which his sentence was executed and not the validity of his sentence, we agree with the Government that he sought relief that is exclusively available under § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001) (stating that § 2241 is the only statute that confers habeas jurisdiction to hear a federal prisoner’s challenge to the execution of his sentence).
Smith asserted in District Court that he is not challenging the computation of his sentence by the Bureau of Prisons, but arguing that the District Court should have determined at sentencing the credit for his pre-sentence confinement. We explained in Soyka v. Alldredge, 481 F.2d 303, 304-05 (3d Cir.1973), however, that a claim for pre-sentence credit involves the computation of time served, which is an administrative rather than a judicial responsibility and is unrelated to the sentencing process. We noted that credit is *658 applied after a sentence is imposed and that a claim for credit is cognizable under § 2241. Id,.[1] See also United States v. Grimes, 641 F.2d 96, 99 (3d Cir.1981) (noting proper avenue for seeking credit on federal sentence for time spent in state custody prior to trial would be under § 2241).
A petition brought under § 2241 must be filed in the district in which the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Smith is confined at the United States Penitentiary at Allen-wood, which is located in the Middle District of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania lacked jurisdiction to consider Smith’s motion. See id. We will thus vacate the District Court’s order. On remand, the District Court shall dismiss this case without prejudice, unless the District Court determines that a transfer under 28 U.S.C. § 1631 is appropriate.
Accordingly, we will vaeate the District Court’s order and remand this case to the District Court for further proceedings consistent with this opinion.

. Soyka involved 18 U.S.C. § 3568, the predecessor statute to 18 U.S.C. § 3585, which addresses credit for time served. The same principles apply to § 3585. See United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (holding § 3585 authorizes the Attorney General, not the sentencing court, to compute pre-sentence credit).